Luce PERAJ, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 05–2442–ag.

United States Court of Appeals, Second Circuit.

March 6, 2007.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

David R. Dugas, United States Attorney for the Middle District of Louisiana (James P. Thompson and Catherine M. Maraist, Assistant United States Attorneys, on the brief), Baton Rouge, LA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Luce Peraj, a native and citizen of Albania, seeks review of an April 20, 2005 order of the BIA affirming the October 23, 2003 decision of Immigration Judge ("IJ") Roxanne Hladylowycz, denying Peraj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Peraj,* No. A96 248 702 (B.I.A. Apr. 20, 2005), *aff'g* No. A96 248 702 (Immig. Ct. N.Y. City Oct. 23, 2003). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where, as here, the BIA issues a summary opinion that essentially adopts the IJ's conclusions, we review the IJ's decision, *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003), and conduct our review pursuant to the substantial evidence standard, treating the IJ's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Peraj argues that the IJ's analysis was flawed because, inter alia, the IJ [i] did not acknowledge Peraj's persecution under the former Communist regime in the early 1990s, [ii] erroneously discounted Peraj's testimony regarding threatening telephone calls in 2001, and other acts of intimidation, and [iii] improperly concluded that an explosive device placed outside of Peraj's apartment in 1999 was not intended for her.

We need not consider these objections. Even if Peraj were correct—i.e., if the IJ's decision that Peraj did not suffer past persecution were not supported by substantial evidence—Peraj remains ineligible for asylum and withholding of removal. The IJ determined that Peraj "has nothing to fear if she is returned to Albania," *In re Peraj,* No. A96 248 702, at 16 (Immig. Ct. N.Y. City Oct. 23, 2003), and that

determination was supported by substantial evidence: changed country conditions in Albania. *See id.* ("[T]he background material ... clearly indicates that there have been many prominent Democratic Party members who have roles in Parliament in Albania. And while it is true that Albania continues to undergo times of lawlessness and political upheaval as a result of power shifting, I do not find that this respondent would suffer future persecution if she is returned to Albania."); *see also id.* at 12 ("Clearly during the tumultuous times of the 1990s and the early 2000s when the power shifted from the Democratic Party into the hands of the Socialist Party there were very many acts of violence levied against people of the opposing party."). This determination of changed country conditions, supported as it is in the record, need not be premised on specific findings. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185–87 (2d Cir. 2006).

We have examined Peraj's remaining arguments and find them to be without merit. For the reasons set forth above, the petition is hereby **DENIED.**